ORIGINAL

DANNY FABRICANT   84828-012
3901 Klein Blvd   Suite J
Lompoc   CA   93436-2706

FEE DUE

RELATED

DDJ

**FILED**
CLERK, U.S. DISTRICT COURT

4/4/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____DTA_____ **DEPUTY**

Plaintiff appearing Pro Se

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA   WESTERN DIVISION

DANNY FABRICANT,                     )   No. 2:21-cv-02902-ODW-AS
                                     (
           Plaintiff,                )   COMPLAINT SEEKING
                                     (   DECLARATORY JUDGMENT
     v.                              )
                                     (   NOTICE OF CONSTITUTIONAL
COMMISSIONER OF INTERNAL REVENUE,    )   QUESTION (F.R.Civ.P. 5.1)
                                     (
           Defendant.                )
_____(

## INTRODUCTION

The herein action seeks a Declarative Judgment finding Title
26 U.S.C. § 32(c)(1)(A)(ii)(II) unconstitutional, as it violates
Plaintiff's right(s) under the Fifth and Eleventh Amendments not
to be subjected to Age Discrimination.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.
Plaintiff's home is in Los Angeles County, within the Central
District of California. Defendant has offices and attorneys in
Los Angeles County, within the Central District of California.

THE PARTIES

Plaintiff is a United States citizen who is 71 years of age, who has been adversely affected by the Defendant's compliance with the provisions of 26 U.S.C. § 32(c)(1)(A)(ii)(II), which made him ineligible to receive Earned Income Credits that he would have otherwise have been eligible to receive, as of the year he turned 65 (2014).

Defendant Commissioner of Internal Revenue complies with and enforces laws enacted by Congress, that have been compiled into Title 26 U.S.C.

RELEVANT FACTS

1. Title 26 U.S.C. § 32 was enacted to provide monies to eligible persons within the United States via refundable tax credits, if their taxable earnings are below a certain dollar amount. The number of dependents a tax filer has determines the amount(s) of refundable tax credit.

2. Section 32 has age restrictions. They may be claimed by a person (or either the older or younger of a married couple) who "has attained age 25 but not attained age 65
   before the close of the taxable year, ... " (§ 32(c)(1)(A)
(ii)(II)).

3. Congress, in its wisdom, has enacted (yet another) law that does not include the persons who actually need the benefits the law provides. Excluded are newly married couples, who usually have one or two (or more) children, and are certainly earning yearly monies that would otherwise qualify them for Earned Income Credits (hereafter "EIC"), until one of them 'attains the age of 25.' Also excluded are persons have/not "attained age
   25 before the close of the taxable year." Persons who have

a low taxable income could certainly also use the refundable credits they would otherwise be eligible for, had they not "attained age 65 before the close of the taxable year."

4. Plaintiff admits that he does not have standing to question the part of the law that relates to persons who have not "attained age 25 ... before the close of the taxable year" but he certainly has standing to challenge the "age 65" part.

5. Plaintiff is a Federal prisoner with a small outside income; in the $6,000+ a year range. He does not earn any monies for any prison job, as he has either been assigned to non-paying 'jobs' or, for the past several years, has been 'medically unassigned.'

6. Plaintiff has been an involuntary Guest of the Federal Bureau of Prisons since his December, 2003 arrest. Plaintiff learned about EIC Credits in about 2007. He filed IRS 1040-EZ forms for tax years 2005-2007 in either late 2007 or 2008, for those three years. Plaintiff received EIC refunds for those years. Plaintiff has filed tax returns for his EIC credits every year since. As of tax year 2014, he was notified, every year, that he was no longer eligible to receive EIC refunds, as he had "attained age 65."

7. For tax year 2011, Defendant questioned Plaintiff's income, causing Plaintiff to file an action in the United States Tax Court; Fabricant v. Commissioner of Internal Revenue, Case No. 25843-14. The Commissioner eventually conceeded all issues, and in February, 2017, a Decision was entered in Plaintiff's favor. The Commissioner sent Plaintiff his EIC monies plus interest.

8. For tax year 2014, Defendant again questioned Plaintiff's income, causing Plaintiff to file another Tax Court action;

3.

Fabricant v. Commissioner of Internal Revenue, 50020-18. In February, 2021, the Commissioner filed a Status Report conceeding Plaintiff's eligibility for the EIC monies, plus interest, but contesting PLaintiff's eligibility for administrative and court costs.

CAUSE OF ACTION

PLAINTIFF HAS SUFFERED AGE DISCRIMINATION BY
THE ENACTMENT AND ENFORCEMENT OF THE
PROVISIONS OF 26 U.S.C. § 32(c)(1)(A)(ii)(II)

9. Plaintiff repeats and re-alleges ¶¶ 1-8, supra.

10. Defendant violated Plaintiff's Fifth and Eleventh Amendment right(s) not to be subjected to Age Discrimination in its deeming him ineligible for EIC refundable credits for tax years 2014 to date, based on the application of the unconstitutional provisions of 26 U.S.C. § 32(c)(1)(A)(ii)(II).

RELIEF REQUESTED

11. Plaintiff seeks;

(a) Declaratory Judgment stating that the provisions of 26 U.S.C. § 32(c)(1)(A)(ii)(II) relating to persons who had "attained age 65 before the close of the taxible year" constitute Age Discrimination and are thus, unconstitutional.

(b) A judgment requiring Defendant to process Plaintiff's tax returns for tax year 2014 through the present without regard to the unconstitutional provision of 26 U.S.C. § 32(c)(1)(A)(ii)(II).

(c) A judgment requiring Defendant to pay Plaintiff lawful interest for Tax years 2014-present.

(d) A judgment awarding Plaintiff administrative and court costs, to include the filing fee and copying and postage expenses.

(e) To issue such other Judgments the Court deems appropriate,

4.

including but not limited to a Judgment finding that the 'under 25' years of age privision likewise constitutes Age Discrimination.'

VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct. Executed on the below date, at Lompoc, CA


Dated: March 10 , 2021

DANNY FABRICANT, Plaintiff


5.

Catalog

Civil Cover Sheet for irs suit as well cert and notice·············································· 1
In Forma Pauperis·············································································· 5
RE E_1············································································· 6
Danny V IRS Commissioner Notice RE E···················································· 7
     RE E_1··································································· 7
     RE E_2··································································· 8
     RE E_3··································································· 9
     RE E_4··································································· 10
     RE E_5··································································· 11
     RE E_6··································································· 12
The Complaint Comm Internal Revenue····················································· 13