**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANNY FABRICANT,<br><br>          Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>          Defendant. | CASE NO. CV 21-2902 ODW (AS)<br><br>**ORDER TO PAY THE FILING FEE OR SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 1915(G)** |

On April 4, 2021, Danny Fabricant ("Plaintiff"), a federal prisoner proceeding *pro se*, filed a Complaint seeking a declaratory judgment against the Commissioner of Internal Revenue ("Defendant") on the ground that Defendant's enforcement of 26 U.S.C. § 32(c)(1)(A)(ii)(II) unconstitutionally subjected Plaintiff to age discrimination. (Dkt. No. 1). Plaintiff has also filed a Request to Proceed Without Prepayment of Filing Fees or *in forma pauperis* ("IFP Request"). (Dkt. No. 8).

Plaintiff's litigation history reflects that he is subject to the provisions of 28 U.S.C. § 1915(g). Courts may raise Section

1915(g) *sua sponte*. See, e.g., Harris v. City of New York, 607 F.3d 18, 23 (2nd Cir. 2010) ("district courts may apply the three strikes rule *sua sponte*"); Maxton v. Bureau of Prisons Dir., 2019 WL 3287832 (C.D. Cal. July 18, 2019)("Courts may raise Section 1915(g) *sua sponte* and dismiss the action after providing the plaintiff with an opportunity to be heard."). Pursuant to § 1915(g), a prisoner may not "bring a civil action or appeal a judgment in a civil action or proceeding" without prepayment of the filing fees:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Such dismissal is deemed a "strike."

The Ninth Circuit has held that the phrase "fails to state a claim on which relief may be granted" as used in §1915(g), parallels the language of Fed. R. Civ. P. 12(b)(6) and carries the same interpretation; that the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact"; and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" See Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (explaining the terms used in §1915(g)). In

2

addition, the Ninth Circuit has held that the prior denial of IFP status on the basis of frivolity or failure to state a claim constitutes a strike for purposes of §1915(g)). See O'Neal v. Price, 531 F.3d 1146, 1153-54 (9th Cir. 2008) (also stating that a dismissal without prejudice may count as a strike). Additionally, appellate affirmances do not count as strikes when the appeal affirms the decision of the district court, but an appeal of a dismissal will count as a separate strike if the appellate court "expressly states that the appeal itself was frivolous, malicious or failed to state a claim." El-Shaddai v. Zamora, 833 F.3d 1036, 1045-46 (9th Cir. 2016). Finally, the Supreme Court recently confirmed that Section 1915(g) applies "to any dismissal for failure to state a claim, whether with prejudice or without." Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723 (2020).

Once a plaintiff has accumulated three strikes, he is prohibited from pursuing any subsequent civil action without prepayment of the filing fees, unless he makes a showing that he was "under imminent danger of serious physical injury" based on the circumstances "at the time the complaint was filed, not at some earlier or later time." Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007); 28 U.S.C. § 1915(g). Further, "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." Richey v. Dahne, 807 F.3d 1202, 1206 (9th Cir. 2015).

In light of the foregoing standards, the Court takes judicial notice of the following prior civil actions filed by Plaintiff in

the United States District Courts of California, the United States District Court of Arizona, the United States District Court of the District of Columbia, and the Ninth Circuit Court of Appeal that qualify as strikes for purposes of §1915(g).  See Fed. R. Evid. 201(b)(2), (c)(1):[1]

(1) <u>Fabricant v. Doe Mailroom Supervisor</u>, United States District Court for the Northern District of California, Case No. C-93-20347-JW, 1993 U.S. Dist. Lexis 17795 (N.D. Cal. Nov. 29, 1993), dismissed for failure to state a claim on November 29, 1993.

(2) <u>Fabricant v. Ninth Circuit Court of Appeals</u>, United States District Court for the Northern District of California, Case No. CV 18-01965-LHK, dismissed with prejudice on June 14, 2018, for failure to state a claim.  (Dkt. No. 14 at 3).

(3) Plaintiff appealed <u>Fabricant v. Ninth Circuit Court of Appeals</u>, Case No. CV 18-01965-LHK.  On appeal, the Ninth Circuit affirmed the district court, found that the appeal was frivolous, and dismissed the appeal on February 21, 2019, "as frivolous, pursuant to 28 U.S.C. S. 1915(e)(2)."  <u>Fabricant v. Ninth Circuit</u>

---

[1]  In addition to the cases listed below, the Court also is aware of two cases Plaintiff filed in the United States District Court of the Eastern District of California in 1991 and 1993 in which summary judgment was granted for defendants.  (Case No. CV 91-01310-LKK-JFM; Case No. CV 93-05659-REC-HGB).  Further, since November 2015, Plaintiff has been subject to a vexatious litigant finding and pre-filing order in his criminal case in the United States District for the Central District of California, Case No. 2:03-cr-01257-RSWL.  (<u>See</u> Case No. 2:03-cr-01257-RSWL, Dkt. Nos. 1097, 1146).

4

Court of Appeals, 2019 U.S. App. Lexis 5105, 2019 WL 11850887 (9th Cir., Feb. 21, 2019), *reconsideration denied by* 2019 U.S. App. Lexis 15616 (May 24, 2019), *cert. denied*, 140 S. Ct. 258 (Oct. 7, 2019).

(4) Fabricant v. Bissette, United States District Court for the District of Arizona, Case No. CV 19-00030 TUC-JGZ, 2019 U.S. Dist. Lexis 136514 (D. Ariz., Aug. 12, 2019), dismissed for failure to state a claim on August 12, 2019. The District Court noted that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g). The Ninth Circuit affirmed the dismissal on June 9, 2020. Fabricant v. Bissette, 808 F. App'x 524 (9th Cir. 2020).

(5) Fabricant v. FEC, United States District Court for the District of Columbia, Case No. CV 20-765 (UNA), 2020 U.S. Dist. Lexis 69811, 2020 WL 1930303 (D. D.C. Apr. 21, 2020), dismissed for failure to state a claim on April 21, 2020. The District Court noted that the dismissal qualifies as a "strike" under 28 U.S.C. § 1915(g).

Accordingly, because plaintiff had already accumulated more than three strikes before he initiated this action, plaintiff is precluded from proceeding IFP herein unless he can show that, at the time he initiated this action, he was "under imminent danger of serious physical injury." 28 U.S.C. §1915(g). The availability of the "imminent danger" exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." See Andrews, 493 F.3d at 1053. Here,

Plaintiff's Complaint concerns the taxation of Plaintiff's income, with nothing even remotely related to dangers of physical injury. The Court, however, must allow a prisoner the opportunity to be heard on the matter before revoking a request to proceed IFP or dismissing an action pursuant to 28 U.S.C. §1915(g).

IT IS HEREBY ORDERED that, on or before **July 15, 2021**, Plaintiff shall pay the full filing fees in this action, or he shall show cause in writing, if there be any, why he should not be denied leave to proceed IFP and the action dismissed on the ground that he had suffered three or more "strikes" within the meaning of 28 U.S.C. § 1915(g) before initiating this action.

Plaintiff's failure to comply with this Order will be deemed by the Court as Plaintiff's consent to the dismissal of this action.

IT IS SO ORDERED.

DATED: June 16, 2021

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE